UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
STEPHEN MITCHELL,

                Plaintiff,

  - against -

ABM INDUSTRIES, INC.,

                Defendant.
------------------------------------------------------x

ORDER

13 Civ. 00074 (ILG) (VVP)

GLASSER, Senior United States District Judge:

      The defendant has moved this Court for an Order that would grant it dismissal as to Causes of Action One and Two alleging violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and Causes of Action Three and Four alleging violation of the Americans With Disabilities Act, as amended, 42 U.S.C. § 12101 et seq. It suffices to say that the EEOC issued a "Right to Sue" letter on November 22, 2011, and the complaint in this action was not filed until January 4, 2013, long after the 90 days within which an action must be commenced following the issuance of that letter. It is with commendable candor that paragraph 16 of the Complaint reads "This action has not been filed within the 90 days of the plaintiff's receipt of the Right to Sue letter from the EEOC." The motion is, accordingly granted, as to those four causes of action which are dismissed as being patently untimely.

      The defendant's motion also seeks a judgment granting dismissal of Cause of Action numbered Eleven, alleging the intentional infliction of emotional distress. That claim is governed by a one year statute of limitations which has long since run and barred this action which, in addition, was not opposed and is, accordingly granted and that cause of action is dismissed.

1

Causes of Action numbered Seven and Eight allege violations of the New York State Human Rights Law (NYSHRL), N.Y. Exec. Law § 290 et seq., and Causes Nine and Ten allege violations of the New York City Human Right Laws (NYCHRL), N.Y.C. Admin. Code § 8-101 et seq. The statute of limitations applicable to actions pursuant to the NYSHRL and NYCHRL is three years. N.Y. C.P.L.R. § 214(2); N.Y.C. Admin. Code § 8-502(d). The Complaint having been filed on January 4, 2013, claims bottomed upon events occurring after January 4, 2010 would be timely. The statute of limitations, however, is tolled "between the filing of an EEOC charge and the issuance by the EEOC of a right-t0-sue letter." Russo v. New York Presbyterian Hosp., No. 09-CV-5334, 2013 WL 5346427, at *10 (E.D.N.Y. Sept. 23, 2013) (quoting Denigris v. New York City Health & Hosps. Corp., 861 F. Supp. 2d 185, 192 (S.D.N.Y. 2012)). Excluded from the statute of limitations, therefore, are the 524 days between those two dates and claims bottomed upon events occurring after July 29, 2008 would be timely.

A reading of the complaint and the memoranda submitted by the parties in support of and in opposition to the motion for partial dismissal provides no definitive date upon which the plaintiff's employment was terminated. The dates competing for determination are June 16th or August 21st, 2009; neither of which would require raising the bar of the statute of limitations precluding these state and city based claims. The defendant's motion as to those, predicated on timeliness is, therefore denied.

Also before the Court was the defendant's motion seeking sanctions pursuant to Rule 11, Fed. R. Civ. P. In a letter dated February 18, 2013 the defendant extended the "safe harbor" opportunity to the plaintiff to withdraw his Title VII, ADA, NYSHRL, NYCHRL and IIED claims, asserting that each was time barred. Dkt. Nos. 17, 18-1. The plaintiff ignored the opportunity and this motion followed. Although the defendant was

correct as regards the federal and IIED claims, it was incorrect, as reflected above, as regards the New York State and New York City claims. Utterly absent was any indication of familiarity with the authority for tolling the statute of limitations applicable to these claims. By filing this motion the defendant also represented that its claim was "warranted by existing law" and itself ran afoul of Rule 11(b)(2). In boxing parlance, it is a "draw" and the motion is denied.

SO ORDERED.

Dated: Brooklyn, New York
December 4, 2013

/s/
I. Leo Glasser
Senior United States District Judge